

# THE ATTORNEY GENERAL
## OF TEXAS

May 10, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Jerry Cobb
Criminal District Attorney
P. O. Box 2344
Denton, Texas   76201-2899

Opinion No.  JM-899

Re:  Disposition of motor vehicles under article 4476-15, V.T.C.S., the Controlled Substance Act (RQ-1239)

Dear Mr. Cobb:

You ask our opinion on the following questions concerning certain provisions of the Controlled Substances Act, article 4476-15, V.T.C.S.:

> (1) When a motor vehicle is forfeited for use by the Sheriff as permitted under section 5.08 of the Act, should the certificate of title to the vehicle be issued in the name of the sheriff's department or the county?

> (2) When a motor vehicle forfeited for use by the sheriff's department is no longer useful to the department, how is it to be disposed of?  Should the property be sold at a public auction under the direction of the sheriff as described in section 5.08(b) of the Act or at the direction of the Commissioner's Court pursuant to the Local Government Code?

> (3) What is the proper disposition of the funds garnered from the disposal of the motor vehicle?  Should they be deposited in the "special fund" described in section 5.08(f) of the Act or deposited in the general fund of the county?

Sections 5.03-5.081 of the Controlled Substances Act, article 4476-15, V.T.C.S., provide for the forfeiture of property, including motor vehicles, used in connection

with certain violations of the Act. Section 5.07 of the Act sets out the procedures to be followed by a court in ordering a forfeiture and section 5.08 provides for the disposition of forfeited property. See generally Attorney General Opinions JM-678 (1987) and JM-550 (1986).

Section 5.07 of the Controlled Substances Act states in part:

> (a) [If the owner of the property does not file an answer] the court shall hear evidence that the property is subject to forfeiture and may upon motion forfeit the property to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers. . . .

> . . . .

> (d) If it is found that the property is subject to forfeiture, then the judge shall upon motion forfeit the property to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers. However, for property other than a controlled substance, raw material, or drug paraphernalia, if proof at the hearing discloses that the interest of any bona fide lienholder, secured party, or other person holding an interest in the property in the nature of a security interest is greater than or equal to the present value of the property, the court shall order the property released to him. If such interest is less than the present value of the property and if the proof shows that the property is subject to forfeiture, the court shall order the property to be forfeited to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers. (Emphasis added.)

A county is a political subdivision of the state, Childress County v. State, 92 S.W.2d 1011 (Tex. 1936), and it is authorized to employ peace officers. See Code Crim. Proc. art. 2.12(1).

Section 5.08(c) of the Controlled Substances Act provides for the use of certain forfeited property for the official business of law enforcement agencies and departments of political subdivisions. It provides in relevant part:

> The state or an agency of the state or a political subdivision of the state authorized by law to employ peace officers may maintain, repair, use, and operate for official purposes all property that has been forfeited to it. . . . The <u>department or agency receiving [a] forfeited vehicle</u> may maintain, repair, use, and operate the property with money appropriated to the <u>department or agency</u> for current operations. <u>If the property is a motor vehicle susceptible of registration under the motor vehicle registration laws of this state, the department or agency receiving the forfeited vehicle is deemed to be the purchaser and the certificate of title shall be issued to it as required</u> . . . . (Emphasis added.)

V.T.C.S. art. 4476-15, §5.08(c).

It has been suggested that section 5.08(c) is thus inconsistent. In one part of the subsection <u>political subdivisions</u> are authorized to maintain, use, repair, and operate for official purposes property that has been forfeited to them. Another part of the same subsection specifically directs that a certificate of title for a forfeited motor vehicle be issued to the <u>department</u> or <u>agency</u> of a political subdivision receiving the forfeited property for official use, if such a certificate is required by the Certificate of Title Act, article 6687-1, V.T.C.S.[1]

We do not find that the commands of section 5.08(c) concerning forfeited motor vehicles to be inconsistent. In a somewhat different, but nevertheless relevant, context in Attorney General Opinion JM-678, we noted that a

---

1.   We express no opinion on the application in fact of the Certificate of Title Act or any of the statutes dealing with motor vehicle registration to vehicles forfeited for official use in law enforcement.

careful review of the legislative intent undergirding sections 5.07 and 5.08 of the Controlled Substances Act demonstrates that

> [a]lthough Section 5.07 provides in general terms that property may be forfeited to [a political subdivision] section 5.08 provides that some of the forfeited property will be distributed to a specific officer, agency, or department of a political subdivision.
>
> . . .
>
> The portions of section 5.08 which require distribution of forfeited property to an office, individual or law enforcement agency provide further definition of the court orders of forfeiture authorized by section 5.07. (Emphasis supplied.)

Attorney General Opinion JM-678 (1987). We note further that the legislative history of a relevant amendment to section 5.08(c) underscores our finding that the statute is not inconsistent with regard to this point. In 1977, section 5.08(c) was specifically amended to have the same general meaning which was retained in the 1979 amendment to the statute. The analysis accompanying the 1987 legislation noted that the amendment

> allow[s] courts to award forfeited vehicles to the Department of Public Safety or to any other agency or unit of government which employs the officer who conducted the seizure.

Bill Analysis to S.B. No. 1033, prepared for Senate Committee on Transportation, 65th Leg. (1977). See Acts 1977, 65th Leg., ch. 492, p. 1270. See also Attorney General Opinion JM-678.

Section 5.08(c) designates the department or agency of a political subdivision receiving a forfeited motor vehicle as the proper entity to obtain a certificate of title, if necessary, for vehicles received for official use, but the department is "deemed to be the purchaser" of the vehicle solely for the purposes of the Certificate Of Title Act. Nothing in the Controlled Substances Act vests a department or agency of a political subdivision receiving a forfeited vehicle with any of the muniments of ownership merely because it obtains a certificate of title

to the vehicle. A certificate of title to a motor vehicle is not conclusive proof of the actual ownership of the vehicle. Pioneer Mutual Compensation Co. v. Diaz, 177 S.W.2d 202 (Tex. 1944). The bare language of section 5.08 of the Controlled Substances Act, which refers to the Certificate of Title Act, thus cannot be construed to grant to a subordinate department or agency of a political subdivision general authority to hold property as an owner separate and apart from the political subdivision itself.

Your second question is about the proper method for the disposal of a forfeited motor vehicle once it is no longer useful to the law enforcement department or agency operating it. Section 5.08 provides for the disposal of different categories of forfeited property in several different ways. First, controlled substances, the raw materials used to manufacture controlled substances, and drug paraphernalia are to be disposed of as provided for in section 5.08(a). Second, all

> other property that has been forfeited, except for money derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act, and except as pro-vided [in section 5.08(c)], shall be sold at a public auction under the direction of the county sheriff . . . . (Emphasis added.)

V.T.C.S. art. 4476-15, §5.08(b). Finally, section 5.08(c) provides that law enforcement agencies or departments of political subdivisions may retain the forfeited property to be used for official purposes. V.T.C.S. art. 4476-15, §5.08(c).

Section 5.08(b) provides for public auction of all forfeited property except "controlled substances, raw materials, and drug paraphernalia," which are covered by section 5.08(a), and property retained for use under section 5.08(c) by law enforcement agencies or departments of political subdivisions. Since section 5.08(b) specif-ically excepts property retained for official use under 5.08(c) from the requirement of sale at public auction, it follows that property retained for use by law enforcement agencies or departments under 5.08(c) must be subject to the Local Government Code's general provisions for the disposal of surplus public property.

Attorney General Opinions JM-678 (1987) and JM-550 (1986) provide a concise answer to your final question,

which concerns the disposition of proceeds from the sale of the vehicle. Section 5.08(f) of the Controlled Substances Act provides in relevant part:

> All money, securities, certificates of deposit, negotiable instruments, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property and other things of value, and the proceeds from the sale of items described in this subsection that are forfeited to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers shall be deposited in a special fund to be administered by the seizing agencies or office to which they are forfeited. Except as otherwise provided by this section, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state. . . . (Emphasis added.)

V.T.C.S. art. 4476-15, §5.08(f).

The proceeds from the sale of the forfeited vehicles used by the sheriff's department must be deposited in the special fund described in section 5.08(f) of the Controlled Substances Act. Attorney General Opinion JM-678 (1987).

## S U M M A R Y

Section 5.08 of the Controlled Substances Act, article 4476-15, V.T.C.S., provides that when motor vehicles are forfeited pursuant to that act, to a political subdivision authorized by law to employ peace officers, and are received for official use by a department or agency of that political subdivision, are received for official use by a department or agency which has the use of the vehicles. Vehicles forfeited for use by a department or agency of a political subdivision are to be disposed of in accordance with the Local Government Code governing the disposition of surplus public property. The proceeds from the sale of property forfeited for official use by a

department or agency  of a political  subdivision are  to be placed in the special  fund described  in  section  5.08(f)  of  the Controlled Substances Act.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General